**HARRISBURG DAILY MARKET, INC.,**
**Petitioner,**

**v.**

**Orville L. FREEMAN, Secretary of Agriculture, and United States of America, Respondents.**

**No. 16772.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 18, 1962.

Decided Oct. 4, 1962.

Messrs. Charles O. Pratt, Washington, D. C., and Russell M. King, for petitioner.

Mr. Neil Brooks, Asst. Gen. Counsel, Dept. of Agriculture, with whom Mr. William H. Orrick, Jr., Asst. Atty. Gen., at the time brief was filed, and Mr. Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for respondents.

Before EDGERTON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Harrisburg Daily Market, Inc., seeks to review under 64 Stat. 1129 (1950), 5 U.S.C.A. § 1031 et seq., a decision and order of the Secretary of Agriculture acting under the Perishable Agricultural Commodities Act, 46 Stat. 531 (1930), as amended, 70 Stat. 726 (1956), 7 U.S.C.A. § 499b(5). After proceedings which revealed repeated violations, the Secretary suspended for ten days the petitioner's license as a dealer and broker in perishable agricultural commodities. The statute authorizes license suspension up to 90 days for violations involving misrepresentation of kind, quality or other specified conditions of any perishable agricultural commodity and the hearing examiner recommended a 21 day suspension. The Perishable Agricultural Commodities Act, 1930, required proof of fraudulent purpose as an element of the misrepresentation violations. 46 Stat. 533 (1930). To achieve stricter enforcement as the legislative history discloses, the act was amended in 1956 to eliminate the need to show the existence of fraudulent purpose. 70 Stat. 726 (1956), 7 U.S.C.A. § 499b(5). See H.R.Rep. No. 1196, 84th Cong., 1st Sess., 3-4; S.Rep. No. 2507, 84th Cong., 2d Sess., 4, 6, U.S. Code Cong. & Adm.News 1956, p. 3699. See also, Goodman v. Benson, 286 F.2d 896 (7th Cir. 1961); Eastern Produce Co. v. Benson, 278 F.2d 606 (3d Cir. 1960).

Our examination of the record satisfies us that there is substantial evidence in the record to sustain the Secretary's findings. We also hold that petitioner's contention of procedural errors which render the suspended order invalid is without merit.

Affirmed.